IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                       No. CR 25-0549-001 KG

RUBEN JOSE TRUJILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Suppress, Doc. 56. Mr. Trujillo argues officers arrested him on October 29, 2024 "without probable cause" in violation of the Fourth Amendment. Doc. 56 at 1. He seeks to suppress "all evidence obtained from the arrest" and "the subsequent search of his vehicle" as "fruit of the poisonous tree." *Id.* at 3. The Government responded, Doc. 57, and the Court held an evidentiary hearing on February 3, 2026, Doc. 66. For the reasons below, the Court denies the Motion to Suppress.

### I. Findings of Fact

Detective Antonio Luna of the Doña Ana County Sheriff's Office ("DASO") was the sole witness to testify at the evidentiary hearing. The Court's finding of fact includes the following as well as those articulated on the record at the conclusion of evidence that included testimony and exhibits. *See* Draft Tr. at 38–41,[1] Gov't. Exs. 1–14.

On October 28, 2024, an individual broke into a Family Dollar store in Vado, New Mexico. *See* Doc. 57 at 2. After forcing entry, the suspect removed a black handgun from his waistband

---

[1] The Court's citation to the hearing transcript refers to the court reporter's original, unedited version. Any final transcript may contain some differences in page and line numbers.

and pointed it at two employees, who fled to a back room and locked the door. *Id.* The suspect fired a shot at the door. *Id.* He then removed money from an open cash register, grabbed a different cash register, and fled the scene. *Id.*

The morning after the robbery, Detective Luna reviewed Family Dollar's security footage. Draft Tr. at 32. Detective Luna observed that the suspect was wearing a black mask, a gray sweater with a "black emblem" on the left chest, blue jeans, black shoes, one white glove, and one black glove. *See* Doc. 57 at 2. Detective Luna also observed visible tattoos above the suspect's right eyebrow, along his hairline, and on the back of his neck, including the number "5," and noted that the suspect walked with a slight limp. *Id.* at 2–3.

Later that morning, between 10:00 a.m. and 12:00 p.m., Detective Luna reviewed inmate photographs at the Doña Ana County Detention Center. Draft Tr. at 32. He identified Ruben Jose Trujillo, a former inmate with a "575" tattoo on the back of his neck and a tattoo above his right eyebrow. *Id.* While comparing Mr. Trujillo's inmate photograph with the surveillance footage, Detective Luna observed that the two men shared a similar skin tone, eye color, eye shape, hairline, and forehead shape. Draft Tr. at 20. That morning, Detective Luna also reviewed what he believed to be Mr. Trujillo's social media account, which showed photographs of Mr. Trujillo with a similar hairline tattoo and a gray sweater with an emblem on the left chest. *Id.*; Draft Tr. at 22. Detective Luna also observed photographs of a woman who appeared to be Mr. Trujillo's girlfriend and two newborn babies. Draft Tr. at 24, 28.

On October 29, 2024, DASO officers, including Detective Luna, began surveilling a residence believed to be Mr. Trujillo's in the early afternoon. *Id.* at 28. Around 5:00 p.m., Detective Luna observed an individual arrive who appeared to be Mr. Trujillo, accompanied by a woman resembling the girlfriend depicted in his social media photographs. *Id.* at 28–29, 32.

Detective Luna also observed two car seats with the couple. *Id.* at 29. Based on the individual's resemblance to Mr. Trujillo's inmate photographs and social media images, officers arrested Mr. Trujillo outside the residence. *Id.* at 28–29.

In the evening of October 29, state law enforcement officers obtained state magistrate court search warrants "for the residence and the vehicles at the residence." Doc. 57 at 4. During the search of a Ford truck, investigators recovered a black Hi-Point .45-caliber pistol consistent with the weapon depicted in the surveillance footage. *Id.* at 4–5. A search of the residence yielded a broken black cash register, one black glove, one white glove, black masks, and approximately $75 in cash. *Id.* at 5. Officers arrested Mr. Trujillo, but the state later dismissed the charges and released him. *Id.* Mr. Trujillo was later rearrested pursuant to a federal criminal complaint. *Id.*

## II.     Standards of Review

### A.     *Motion to Suppress*

"The proponent of a motion to suppress bears the burden of proof." *United States v. Clarkson*, 551 F.3d 1196, 1200 (10th Cir. 2009). However, the burden shifts to the United States to show, by a preponderance of the evidence, that the defendant's Fourth Amendment rights were not violated. *United States v. Matlock*, 415 U.S. 164, 177 (1974) (concluding the United States "sustained its burden of proving by the preponderance of the evidence that" search did not violate Fourth Amendment).

"Judging the credibility of the witnesses, determining the weight to be given to evidence, and drawing reasonable inferences and conclusions from the evidence are within the province of the district court." *United States v. Hunnicutt,* 135 F.3d 1345, 1348 (10th Cir. 1998). Factors beyond a witness's demeanor and tone of voice may weigh in a judge's decision to find that witness's testimony credible, including "[d]ocuments or objective evidence [that] may contradict

the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985).

### B.     *Probable Cause*

"A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002). "[T]he Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense." *Michigan v. DeFillippo,* 443 U.S. 31, 36 (1979). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she had reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1216 (10th Cir. 2008). "Although it is not necessary that the officer possess knowledge of facts sufficient to establish guilt...mere suspicion is insufficient to establish probable cause." *United States v. Maher*, 919 F.2d 1482, 1485 (10th Cir. 1990). "[P]robable cause must be evaluated in light of circumstances as they would have appeared to a prudent, cautious, trained police officer." *Id.*

### III.    *Discussion*

The officers here had probable cause to arrest Mr. Trujillo on October 29, 2024. Detective Luna had reasonably trustworthy information that Mr. Trujillo matched the description of the suspect involved in the previous evening's robbery. Specifically, Mr. Trujillo shares the suspect's general physical characteristics and bears multiple distinctive tattoos visible in the surveillance footage, including a "5" tattoo on the back of his neck and tattoos above his right eyebrow and

along his hairline. In his social media posts, Mr. Trujillo wore a gray hoodie with two strings and an emblem on the left chest consistent with the suspect's clothing. The evening of the arrest, Detective Luna identified Mr. Trujillo from his physical appearance and corroborating details from Mr. Trujillo's social media account, the presence of two car seats and the woman accompanying him. Viewed from the perspective of a prudent, trained officer, these facts provided the DASO officers with probable cause to arrest Mr. Trujillo. *See, e.g.*, *United States v. Klein*, 93 F.3d 698, 701 (10th Cir. 1996) (probable cause where arrestee matched a suspect's description, including appearance, clothing, and residence); *United States v. Martin*, 2009 WL 103491, at *3 (D. Kan.), *aff'd*, 613 F.3d 1295 (10th Cir. 2010) (same where officers recognized the arrestee and his girlfriend, based on their clothing and appearance). The Government has therefore met its burden of demonstrating, by a preponderance of the evidence, that it did not violate Mr. Trujillo's Fourth Amendment rights. *Matlock*, 415 U.S. at 177 (1974).

Defendant's challenge to the timing of probable cause fails. Defendant argues that the Government "fails to specify when probable cause was developed" and "does not set out which officer learned about evidence leading to probable cause to arrest without a warrant." Doc. 58 at 1. Detective Luna, however, testified repeatedly that he reviewed and compared the security footage with inmate photographs and Mr. Trujillo's social media posts on the morning before the arrest. *See* Draft Tr. at 18, 22, 32. Based on the consistency of that testimony, Detective Luna's demeanor and tone while testifying, and Defendant's failure to rebut it, the Court finds Detective Luna's testimony credible. *Anderson*, 470 U.S. at 575. Detective Luna reviewed the security footage, inmate photographs, and Mr. Trujillo's social media on the morning of October 29 and therefore had probable cause to arrest Mr. Trujillo that evening. *See* Draft Tr. 39–40.

*IV.*  **Conclusion**

For the foregoing reasons, the Court concludes that DASO officers had probable cause to arrest Mr. Trujillo on October 29, 2024. Defendant's motion to suppress fails because it rests solely on that challenge. The Court declines to suppress the evidence obtained from the subsequent searches of Defendant's residence and vehicle. Defendant's Motion to Suppress, Doc. 56, is DENIED.

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.