IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v. No. 25-cr-549 KG

RUBEN JOSE TRUJILLO,

Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the United States' Omnibus Motion *in Limine*, Doc. 69, filed February 12, 2026. Defendant Ruben Jose Trujillo did not timely file a response to the Motion. For the reasons explained herein, the Court grants-in-part and denies-in-part the Motion.

The United States seeks to exclude nine (9) categories of information: 1) allegations of government misconduct; 2) pre-trial rulings; 3) plea negotiations; 4) offers to stipulate; 5) information known only to defendant unless the defendant testifies; 6) defense exhibits not previously supplied to counsel for the United States; 7) defendant's health; 8) possible consequences of sentencing; and 9) jury nullification. Doc. 69.

Issue 1 – Allegations of Government Misconduct

Citing Federal Rules of Evidence 401, 402, and 403, the United States moves to "preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding allegations of government misconduct, constitutional violations, and any other issues that may be raised by Defendant in his pretrial motions." Doc. 69 at 1.

The Motion contains no specifics or particulars. The Motion is granted-in-part as to the term "misconduct" and otherwise denied without prejudice. If counsel would like to get into anything approaching "misconduct," counsel will approach the bench before going into the purported misconduct.

Issue 2 – Pre-Trial Rulings

Citing the same Rules, the United States seeks to "preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the contents of, or rulings on, any motions filed by either the defense or the Government pretrial." Doc. 69 at 2.

Again, the Motion contains no specifics or particulars. The Motion is denied without prejudice. While the parties may obliquely reference pre-trial rulings when making objections, counsel should not make speaking objections. If any party believes a pre-trial ruling has been violated, counsel should say "Objection, Pretrial ruling" and seek to approach.

Issue 3 – Plea Negotiations

Citing Rules 401, 402, 403, and 410, the United States seeks to "preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may or may not have taken place[.]" Doc. 69 at 2.

This portion of the Motion is well-taken and hereby granted. The parties will not reference any plea negotiations in the presence of the jury.

Issue 4 – Offers to Stipulate

Citing Rules 401, 402, and 403, and *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) (holding United States is entitled to prove its case as it sees fit), the United States seeks to "preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant volunteering, offering, or in any manner agreeing to stipulate to certain facts unless some agreement between all parties with approval of the Court has been arranged concerning a stipulation." Doc. 69 at 2.

The Motion contains no specifics or particulars. Absent any additional information, the Motion is denied without prejudice. Counsel may object as necessary and, if appropriate, ask to approach.

Issue 5 – Information Known Only to Defendant

Without reference to any Rule or other authority, the United States moves to "preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding any information or facts which could only otherwise come to the jury's attention through the sworn testimony of Defendant," unless the Defendant will testify. Doc. 69 at 3.

In opening statements, counsel may reference and summarize the evidence that counsel, in good faith, believes will be presented at trial, including information to which a client may testify. Counsel may not reference anticipated testimony of the Defendant during *voir dire*. In this way, the Motion is granted in part.

Issue 6 – Defense Exhibits Not Previously Supplied to the United States

The United States seeks to "preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding

defense exhibits that have not previously been supplied to counsel for the United States." Doc. 69 at 3.

The Court reminds the parties of their reciprocal discovery obligations and grants the Motion on this point.

Issue 7 – Defendant's Health

Citing Rules 401, 402, and 403, the United States seeks to "preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's mental or physical health, including without limitation past or current diseases, traumas, illnesses, attacks, and medical or psychological conditions." Doc. 69 at 3.

The Motion contains no specifics and there is no indication the defense intends to raise these issues. Nonetheless, based on the information available, the Court agrees this information is irrelevant and therefore grants the Motion with leave for reconsideration if any condition of the Defendant becomes relevant to guilty/innocence, including intent.

Issue 8 – Possible Consequences of Sentencing

The United States moves for "an order prohibiting defense counsel from mentioning, in any form or fashion, the possible consequences that Defendant faces if convicted." Doc. 69 at 4.

This portion of the Motion is well-taken and granted. The jury's role is to determine guilt or innocence, not to engage in sentencing. *See United States v. Greer*, 620 F.2d 1383, 1384–85 (10th Cir. 1980) (citing *Rogers v. United States*, 422 U.S. 35 (1975)).

Issue 9 – Jury Nullification

Finally, the United States asks the Court to preclude "Defendant and [his] counsel from suggesting or mentioning jury nullification, or from otherwise inviting or inducing the jury to not

apply the law as the Court instructs them." Doc. 69 at 5. More specifically, the United States asks the Court to "order Defendant, his counsel, and all defense witnesses to refrain from asking any question, introducing any evidence, or making any statement or argument that, either directly or indirectly, implicates the foregoing while the jury or prospective jury panel is present." *Id.*

While the United States' request is correct, in principle, it presents practical challenges in implementation. What does it mean to "indirectly" reference jury nullification? Given the vagueness and impracticability of the relief requested, the Court denies the Motion on this point. However, counsel are reminded that they may not encourage jurors to violate their oaths.

For the reasons explained herein, the Motion is granted-in-part and denied-in-part.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.