**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. No. 25-CR-549 KG

RUBEN JOSE TRUJILLO,

Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PROPOSED ADDITION TO JURY INSTRUCTION NOs 6 AND 8 AND GRANTING USE OF A SPECIAL VERDICT FORM**

This matter is before the Court on Defendant Ruben Jose Trujillo's proposed additions to Jury Instruction Nos. 6 and 8, *see* Doc. 147, and the United States' oral response. Having reviewed these objections, considered the oral arguments of counsel, and examined the relevant law, for the reasons stated on the record and herein, the Court overrules Trujillo's objection. The Court will, however, grant Trujillo's request for a special verdict form relating to Counts 2, 5, 7, and 9.

## *I. Background*

On March 25, 2025, the grand jury indicted Trujillo on multiple charges. *See* Doc. 9. Counts 1, 4, 6, and 8 of the Indictment charge Trujillo with Interference with Commerce by Robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a). *See generally id.* Counts 2, 5, and 7 charge Trujillo with using, carrying, and brandishing a firearm during and in relation to a crime of violence, and possessing and brandishing a firearm in furtherance of such crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Id.* at 2–4. Count 9 charges Trujillo with using, carrying, and brandishing a firearm during and in relation to a crime of violence, and possessing and

brandishing a firearm in furtherance of such crime; discharging said firearm, in violation of §§ 924(c)(1)(A)(ii) and (iii).[1] *Id.* at 5.

The parties filed joint proposed jury instructions with the Court. *See* Doc. 144. Relevant here, the parties submitted Jury Instruction Nos. 6 and 8 outlining the elements of § 924(c)(1)(A) in relation to Counts 2, 5, 7, and 9. *See id.* at 18–19. Section 924(c)(1)(A) states that:

> any person who, *during and in relation to any crime of violence* . . . for which the person may be prosecuted in a court of the United States, *uses or carries a firearm*, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

§ 924(c)(1)(A) (emphasis added). "[A] conviction under § 924(c)(1) requires proof that the defendant committed the underlying crime of violence[.]" *United States v. Hill*, 971 F.2d 1461, 1464 (10th Cir. 1992). Tenth Circuit Pattern Jury Instruction 2.45 (2026) follows the language of the statute and requires the United States prove the defendant committed the underlying crime of violence. *See* Tenth Circuit Pattern Jury Instruction 2.45 (stating, in relevant part, that "[t]o find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt: *First*: the defendant committed the crime of [name of crime], [as charged in count ___ of the indictment.]" (brackets and emphasis in original)).

Tracking the Tenth Circuit's pattern jury instruction, the parties proposed that to establish a violation of § 924(c), the United States must first prove "the defendant committed the crime of Hobbs Act Robbery, as charged in Count 1 (for Count 2), Count 4 (for Count 5), Count 6 (for

---

[1]Defendant is charged in Count 3 with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Count 7) of the indictment. You are instructed that Hobbs Act Robbery is a crime of violence[.]" Doc. 144 at 18. The parties submitted an identical instruction, albeit without filling in the blank, for Count 9. Doc. 144 at 23. In both instructions, Trujillo requested that the Court include the following additional language: "You may not find the defendant guilty of this crime unless you have first found him guilty of the related Hobbs Act Robbery count." Doc. 144 at 18; *see* Draft Trial Transcript, Oct. 26, 2026, at 187:10–14.

At the first jury instruction conference, the United States objected to Trujillo's requested language. Draft Trial Transcript, Oct. 23, 2026, at 93:17–25 (Instruction No. 6); 95:20–96:2 (Instruction No. 8); *see also* 104:22–107:14 (raising same objection to Instruction No. 26). The Government directed the Court to Tenth Circuit authority stating that a defendant need not be charged or convicted of the underlying crime to be convicted under § 924(c). *Id.* at 93:21–94:6; *see Hill*, 971 F.2d at 1464; *United States v. Barrett*, 496 F.3d 1079, 1094 (10th Cir. 2007). The Court informed Trujillo that, based on the United States' argument, it was inclined to omit his requested additional language. *Id.* at 94:16–19. The Court nonetheless permitted Trujillo to submit additional authority in support of his proposed addition. *Id.* at 95:7–14. Trujillo filed a Notice of Objections and Proposed Charge, Doc. 147, arguing that § 924(c) "makes the predicate offense part of the crime. 18 USC 924(c)(1) punishes using or carrying a firearm 'during and in relation to any crime of violence.' . . . Accordingly, there is no §924(c) offense without a predicate crime of violence." Doc. 147 at 2.

At the outset of the second jury instruction conference, the Court informed the parties that it would omit Trujillo's proposed additional language. Draft Trial Transcript, Oct. 26, 2026, at 183:1–184:1. The Court concluded that, while the cases relied on by the United States were distinguishable from the present case, Trujillo's proposed additional language was duplicative of

element one of Tenth Circuit Pattern Jury Instruction 2.45 which instructs that the jury must find Trujillo committed the crime of Hobbs Act robbery. *Id.* at 184:9–18. In turn, defense counsel requested "a special verdict form on this in terms of finding the Hobbs Act, because it is a predicate." *Id.* at 186:15–18. Defense counsel argued for "the civil cascade . . . [i]f you find defendant guilty of Count 1, go to Count 2. If you find the defendant not guilty of Count 1, go to Count 3." *Id.* at 214:1–4. The United States opposed Trujillo's requested special verdict form, citing the Tenth Circuit cases *United States v. Hill*, 971 F.2d 146, and *United States v. Barrett,* 496 F.3d 1079, for the proposition that "it is unnecessary for a criminal defendant charged with a Section 924(c) offense to be separately charged with and convicted of the underlying offense." *Id.* at 217:23–25. The Court granted Trujillo's request for a special verdict form. *Id.* at 218:22–220:6. The form instructs the jury on Count 2 that "If you find the defendant Not Guilty of Count 1, you must find him Not Guilty of Count 2." The language is replicated in the remaining § 924(c) charges, Counts 5, 7, and 9.

### *II. Legal Framework*

"Jury instructions should state the governing law and provide the jury with an intelligent, meaningful understanding of the applicable issues and standards." *United States v. Perea*, 2010 WL 1630989, at *1, No. 09-cr-1034-JB (D.N.M. Apr. 8, 2010) (citing *United States v. LaVallee*, 439 F.3d 670, 684 (10th Cir. 2006)).

### *III. Analysis*

For the reasons stated on the record and for further reasons consistent with those already stated, the Court concludes that, under the facts of this case, to find Trujillo guilty under § 924(c)(1)(A), the jury must first find him guilty of the underlying crime of violence, the Hobbs Act robbery.

The United States argues that the Court is "under no obligation to instruct the jury that it was necessary to convict" Trujillo of the underlying crime of violence alleged in order for the jury to find him guilty of the § 924(c) charges. Draft Trial Transcript, Oct. 26, 2026, at 217:21–218:21; *see Barrett*, 496 F.3d at 1094. The United States cites to *Hill* and *Barrett* in support of its contention that § 924(c)(1)(A) is a substantive, distinct offense that does not require that Trujillo be charged or convicted of the underlying offense to be found guilty of the § 924(c) charge.

The United States is correct that § 924(c) is a substantive offense and may be charged and proven as a standalone offense. Even so, *Hill* and *Barrett* do not foreclose the Court from instructing the jury in this case that if it finds Trujillo not guilty of the underlying offense, it must find him not guilty of the § 924(c) offense. The Court explains.

In *Hill*, the defendant was charged, in relevant part, with conspiracy to use or carry a firearm during and in relation to the commission of a drug trafficking offense under 18 U.S.C. § 371, the unlawful objective of which was to violate § 924(c)(1). *Id.* at 1462. The defendant was "either acquitted or had the counts dismissed on all charges except for the § 371 conspiracy," leaving only the conspiracy to violate § 924(c) charge. *Id.* The Tenth Circuit examined whether a person can be convicted of a conspiracy to violate § 924(c), without being convicted or separately charged with the underlying offense. 971 F.2d at 1462. The Court determined that "section 924(c) creates distinct offenses rather than being merely a sentencing enhancement provision." *Id.* at 1464 (citation modified). That being so, the Court held that "[a] defendant need not even be charged with the underlying crime to be convicted under § 924(c)." *Id.* at 1464. It noted, however, that "the defendant's commission of the underlying offense is merely a matter of proof which may be met either by the defendant's admission or through the

presentation of evidence sufficient to sustain the government's burden." *Id.* at 1467. Stated differently, "proof of the underlying crime is necessary to convict under § 924(c)." *Id.* at 1464.

Similarly in *Barrett*, a federal grand jury indicted the defendant, in relevant part, on one count of using and carrying a firearm during and in relation to a crime of violence and one count of using and carrying a firearm during and in relation to drug trafficking crimes. 496 F.3d at 1086. The defendant "was not directly charged with those underlying offenses." *Id.* at 1093. The defendant argued that the indictment was insufficient as it failed to charge him of the predicate offense and asserted that the district court erred in failing to instruct the jury that it must find him guilty of the predicate offense. *Id.* at 1091, 1094. The Tenth Circuit disagreed, holding that "it is unnecessary for a criminal defendant charged with a § 924(c) offense to be separately charged with and convicted of the underlying offense." *Id.* at 1094. The Court further noted that "the district court was under no obligation to instruct the jury that it was necessary to convict [the defendant] of the underlying offenses alleged . . . for the jury to have convicted him of such." *Id.* The Court concluded, however, that the Government still bore the burden of proof to establish a violation of § 924(c). *Id.* (citing *United States v. McKissick,* 204 F.3d 1282, 1292 (10th Cir. 2000) (concluding in order to establish a violation of § 924(c), the Government has the burden of proving the commission of the underlying offense).

Unlike the defendants in *Hill* and *Barrett*, Trujillo is charged with the underlying offense in this case. Trujillo is charged with both the underlying crime of violence (robbery) and the § 924(c)(1)(A) offense (using, carrying, and brandishing a firearm during and in relation to a crime of violence). The United States is required to prove the underlying crime beyond a reasonable doubt not only to convict Trujillo of the Hobbs Act charges, but also to convict Trujillo of the § 924(c) offenses. Necessarily, if the Government does not meet its burden to

prove beyond a reasonable doubt that Trujillo committed the Hobbs Act robbery, it cannot establish element one of § 924(c), that "the defendant committed the crime of Hobbs Act Robbery, as charged in Count 1 (for Count 2), Count 4 (for Count 5), Count 6 (for Count 7) of the indictment." The special verdict form reflects the United States' burden in this case and does not make a conviction on the underlying offense a prerequisite to a conviction on the substantive § 924(c) charges. Instead, the special verdict form reaffirms what the Tenth Circuit held in *Hill* and *Barrett*—that the United States must prove the underlying crime to establish a § 924(c) violation.

*Hill* and *Barrett* do not foreclose the use of the special verdict form in cases where the defendant is charged with both the underlying crime of violence and the § 924(c) substantive offense. *Barrett* opines that the Court is not obligated to instruct the jury that it was necessary to convict the defendant of the underlying offenses, it does not prohibit the Court from doing so. *See* 496 F.3d at 1094. *United States v. Powell* is instructive on this point. 469 U.S. 57 (1984).

The Tenth Circuit in *Hill* found *Powell* to be "an analytically identical situation." *Hill*, 971 F.2d at 1468. There, the jury acquitted the defendant of the predicate drug conspiracy charges but convicted him of using the telephone to facilitate these same offenses. 469 U.S. at 59–60. The defendant argued that the verdicts should be set aside as inconsistent, because an acquittal on the predicate felony necessarily indicated that there was insufficient evidence to support the § 843(b) charge. *Id.* at 60. The *Powell* Court rejected the defendant's challenge to the sufficiency of the evidence, asserting that "[i]t is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense." *Id.* at 65. The Court reasoned that the error of an inconsistent verdict is not related to the sufficiency of the

evidence, but "that the jury has not followed the court's instructions." *Id.* As the Tenth Circuit concluded, the Supreme Court in *Powell* foreclosed challenges to the sufficiency of the evidence to support a conviction of the "compound offense" based on an acquittal of the predicate offense. *Id.* at 68; *see also Hill*, 971 F.2d at 1469.

*Powell*, however, identifies the "inconsistent verdict problem" at issue in this case. 469 U.S. at 68. The Court's concern is what the Supreme Court called "juror irrationality," *see Powell*, 469 U.S. at 67, where the jury may acquit the defendant on a predicate offense while convicting on the compound offense—here the § 924(c) charges. In fact, the Supreme Court opined:

> This problem is not altered when the trial judge instructs the jury that it must find the defendant guilty of the predicate offense to convict on the compound offense. Although such an instruction might indicate that the counts are no longer independent, if inconsistent verdicts are nevertheless reached those verdicts still are likely to be the result of mistake . . .

*Id.* While the Supreme Court did not find that a jury instruction is sufficient to cure the risk of an inconsistent verdict, it did not preclude district courts from submitting such instructions to the jury. Above all else, *Powell* counsels that while courts cannot eliminate the risk of inconsistent verdicts, it may reduce the likelihood of error by instructing the jury—particularly where the defendant is charged with both the underlying offense and the § 924(c) charge.

As a final matter, the Court notes that each of the cases offered by the United States as additional support are inapplicable here.[2] *See United States v. Kelsey*, 15 F.3d 152, 153 (10th Cir. 1994) (noting Government met its burden to prove existence of underlying drug trafficking offense where defendant plead guilty to the § 924(c) offense); *United States v. Hargrove*, 382

[2]The United States also relies on *United States v. Morehead*, 959 F.2d 1489, 1501 (10th Cir. 1992); however, the Tenth Circuit re-examined its initial decision later in *Hill*, 971 F.2d 1461.

Fed. App'x 765 (10th Cir. 2010); *United States v. Frye*, 402 F.3d 1123, 1126-27 (11th Cir. 2005) (concluding where defendant pleaded guilty to conspiracy to manufacture methamphetamine and counts of using, carrying and possessing a firearm, Section 924(c) does not require either that the defendant be convicted of or charged with the predicate offense but "Section 924(c) requires only that the drug trafficking crime be one that 'may be prosecuted.'"); *United States v. McPherson*, 2024 WL 2815076, No. 23-cr-4098 (4th Cir. 2024) (raising sufficiency of evidence argument disapproved of in *Hill*). None of the cases, in the Court's view, present the situation here: the jury must consider both the underlying crimes of violence and the § 924(c) violations. Given this indictment, if there is no conviction on the Hobbs Act robbery charges, the Government cannot establish beyond a reasonable doubt that Trujillo committed the same crime of violence for the § 924(c)(1) charges.

## *IV. Conclusion*

For the reasons stated, the Court will omit Trujillo's proposed addition to Jury Instruction Nos. 6 and 8. The Court, however, will submit a special verdict form to the jury instructing that it may convict Trujillo of the 924(c) offense only if it first finds Trujillo guilty of the underlying Hobbs Act robbery.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.